Johnston, Warner & Co., Limited, *v.* Charlotte Mann and Kate Mann, Executrices of Theodore Mann, deceased, Appellants.

*Appeals—Defective affidavit not cured by history of case or argument.*

Where an affidavit is obviously insufficient on its face, its deficiency cannot be supplied before the appellate court by the history of the case or the argument of counsel.

*Contract of indemnity—Insufficient affidavit of defense.*

Suit being on a written contract of indemnity, the plaintiff averring payment, under execution, of the obligation covered by the contract; an affidavit to the effect that the execution was issued without notice to the defendant, the indemnitor, and was in conflict with a previously made agreement, is insufficient.

Argued Oct. 19, 1898. Appeal, No. 82, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1897, No. 1158, in favor of plaintiff, for want of a sufficient affidavit of defense. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from magistrate. Before the court in banc.

It appears from the record that the action arose upon a contract of indemnity. The facts are sufficiently disclosed from the statement and affidavit of defense:

STATEMENT OF PLAINTIFFS' CLAIM.

The plaintiffs, Johnston, Warner & Company, Limited, claim to recover of Charlotte Mann and Kate Mann, execu-

trices of the last will and testament of Theodore Mann, deceased, defendants, the sum of $54.78, with interest thereon from April 26, 1897, on the cause of action whereof the following is a statement:

For that whereas, on or about December 23, 1896, the plaintiffs, Johnston, Warner & Company, Limited, together with Theodore Mann, in his lifetime, and Winfield Thomas instituted proceedings in domestic attachment against Lucretia Purnell in the court of common pleas, No. 3, of Philadelphia county, as of December term, 1896, No. 683, to recover from the said Lucretia Purnell, as to the said Johnston, Warner & Company, the sum of $7.35, and as to Winfield Thomas, the sum of $9.04, and as to Theodore Mann, the sum of $200.87.

That after suit brought the said Lucretia Purnell by writing filed, admitted the amounts aforesaid to be due to the said Johnston, Warner & Company and Winfield Thomas respectively, and that she was at all times ready and willing to pay the same; but set up a defense to the claim of Theodore Mann.

That thereafter plaintiffs desired to abandon said proceedings and withdraw from further contesting the matter, and so instructed their counsel, who was also counsel for the said Theodore Mann in his lifetime. That the amount of plaintiff's claim against the said Lucretia Purnell was paid in full.

That said attachment was dissolved by the court on January 3, 1897. That the said Theodore Mann in his lifetime and on February 19, 1897, took an appeal to the Superior Court from the decree dissolving the attachment.

On and before March 4, 1897, the said Theodore Mann, in his lifetime, was requested to indemnity plaintiffs against all costs in the said domestic attachment proceedings, otherwise the proceedings would be discontinued of record. Whereupon the said Theodore Mann, in his lifetime, delivered to plaintiffs the following stipulation in writing:

"PHILADELPHIA, PA., March 6, '97.

"Johnston vs. Purnell.

"JOSEPH S. GOODBREAD, Esq.,

"635 Walnut St., Philadelphia.

"Dear Sir: I was desirous that Messrs. Johnston, Warner & Co., should proceed as they have done in the Domestic Attach-

ment case, because that course simplified the collection of the sum due to me. . I consider myself morally responsible for a part of the costs, even if not legally so. I hereby stipulate in writing, to do what I have believed myself from the beginning under obligation for, to-wit: to indemnify your clients for all costs which have been incurred or which may be incurred by plaintiffs, save such amount as may bear the same proportion to the entire amount of costs chargeable to plaintiffs, as the amount of your clients' claim, bears to the whole amount of claims filed.

" Yours truly,

" THEODORE MANN."

That on April 14, 1897, without the knowledge of plaintiff, the said appeal to the Superior Court was withdrawn and discontinued by the attorney for the said Theodore Mann, and on the same day a certificate from the Superior Court certifying that the appeal was withdrawn and discontinued was filed in the court from which the appeal was taken in the court of common pleas, No. 3, of Philadelphia county, as of December term, 1896, No. 683.

That on the 23d day of April, 1897, a writ of fieri facias issued against plaintiffs for costs, amounting to $54.78, in said attachment proceedings, and a levy was made by the sheriff on the personal property of the plaintiffs, and on April 26, 1897, plaintiffs paid to the sheriff the said sum of $54.75, the amount for which said levy was made.

That the said Theodore Mann, in his lifetime, was requested to comply with his stipulation as aforesaid and pay to the said plaintiffs the said sum of $54.78, but has declined and refused to do so.

AFFIDAVIT OF DEFENSE.

Kate Mann, being duly sworn according to law doth depose and say, she is codefendant herein with Charlotte Mann, they being executrices under the last will and testament of Theodore Mann, deceased. The said affiant and the said Charlotte Mann have a just, true, lawful and complete defense against all of the claim set forth in plaintiff's statement herein, of the following nature, to wit: the execution by writ of fieri facias issued April 23, 1897, as upon the judgment of the court of

common pleas in the cause in which the said Johnston, Warner & Company, Limited, against Lucretia Purnell, defendant, in the court of common pleas, No. 3, of Philadelphia county, as of December term, 1896, No. 683, was issued without authority of the said defendant and is in conflict with an agreement previously made with her, through the attorney at law for the said plaintiffs in the cause against her, in behalf of the said plaintiffs. The said execution was therefore unlawful and subject to be set aside upon application to the said court. Said Theodore Mann and the attorney who acted for him and for the other said plaintiffs, had no notice of the issue of the said execution nor of the levy thereunder. The said Johnston, Warner & Company, Limited, failed and neglected to advise the said Theodore Mann or his said attorney of the fact of the said levy although three days elapsed between the making thereof and payment by him therefor as declared in his affidavit. If notice had been given by the said Johnston, Warner & Company, Limited, of the said execution, within a reasonable time after it had been levied, the said Theodore Mann and his attorney would have taken proper proceedings to have it set aside at the cost of defendant or her attorneys. The payment made by the said Johnston, Warner & Company, Limited, was a voluntary one and not such as could give rise to a liability on the part of the said Theodore Mann or his estate under the stipulations contained in plaintiff's statement.

This affiant and her coexecutrix the said Charlotte Mann, expect to prove all of the foregoing at the trial of this case.

Judgment for plaintiff for want of a sufficient affidavit of defense, $54.78. Defendant appealed.

*Error assigned* was in not discharging rule for judgment for want of a sufficient affidavit of defense.

*E. Spencer Miller*, for appellants.—A contract of indemnity does not subject the indemnitor to liability for reckless or unreasonable payments or loss by the indemnitee, but only for those which were properly due by the latter: Allen v. Gregg, 22 W. N. C. 520; Huzzard v. Nagle, 40 Pa. 178; Kramph v. Hatz, 52 Pa. 525.

The affidavit of defense distinctly avers that the payment was

JOHNSTON, WARNER & CO. v. MANN. 255

a voluntary one. If a jury were to so find under the instruction of the court, surely judgment would have to go for defendants in this case. Even without the averment of a voluntary payment, we submit there would at least be a question for the jury whether the payment was not in fact voluntary.

It was held in another case that an analogous question should be submitted to the jury: Tissue v. Hanna, 158 Pa. 384.

*Joseph S. Goodbread*, for appellee.

OPINION BY SMITH, J., January 18, 1899:

The affidavit of defense does not deny or otherwise meet the cause of action set out in the declaration. The suit is on a written contract of indemnity and the plaintiffs aver payment, under legal process, of the obligation covered by the contract. All of which is not denied. The defense offered is to the effect that the execution against the plaintiff was issued without authority or notice to Mann, the indemnitor, and is in conflict with an agreement previously made. It is not averred that the plaintiff here was a party to that agreement or knew of its existence when he paid the money on the execution. Even the terms or substance of the agreement are not given. The affidavit is obviously insufficient on its face and calls for no discussion. Its deficiencies cannot be supplied by the "history of the case" or the argument of counsel. The pleadings afford no ground for the contention that the judgment exceeds the terms of the indemnity.

The judgment is affirmed.